IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:16-CV-2-FL

| | |
|---|---|
| KRISCEDA WILLIAMS JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the parties' cross motions for judgment on the pleadings. (DE 17, 19). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert T. Numbers, II, entered memorandum and recommendation ("M&R"), wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and affirm defendant's decision. Plaintiff timely filed objections to the M&R, and the issues raised are ripe for ruling. For the reasons that follow, the court adopts the M&R as its own, grants defendant's motion, denies plaintiff's motion, and affirms defendant's final decision.

## BACKGROUND

On June 2, 2012, plaintiff filed application for period of disability and disability insurance benefits, alleging disability beginning August 11, 2011. The application was denied both initially and upon reconsideration. Plaintiff filed a request for hearing before an administrative law judge ("ALJ"), who, after a November 6, 2014, hearing, denied plaintiff's claims by decision entered January 27, 2015. Following the ALJ's denial of her applications, plaintiff timely filed a request for review with the Appeals Council, which denied the request, leaving the ALJ's decision as

defendant's final decision. Plaintiff then filed complaint in this court on January 8, 2016, seeking review of defendant's decision.

## COURT'S DISCUSSION

A.  Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's. Craig, 76 F.3d at 589.

"A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling," including "a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). An ALJ's decision must "include a narrative discussion describing how the evidence supports each conclusion," Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (quoting Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015)), and an ALJ "must build an accurate and logical bridge from the evidence to his conclusion." Id. (quoting Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000)).

To assist it in its review of defendant's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his or her] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since August 11, 2011. At step two, the ALJ found that plaintiff had the following severe impairments: sarcoidosis, hypertension, and obesity. However, at step three, the ALJ further determined that these impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listings in the regulations.

Before proceeding to step four, the ALJ determined that during the relevant time period plaintiff had the residual functional capacity ("RFC") to perform light work, with the following limitations: occasionaly climb ladders, scaffolds, or ropes; frequently climb ramps and stairs; frequently balance, stoop, kneel, crouch and/or crawl; and avoid concentrated exposure to temperature extremes of cold and heat, as well as pulmonary irritants such as fumes, odors, dust, gases, poor ventilation and to hazards such as unprotected heights and dangerous machinery. In making this assessment, the ALJ found plaintiff's statements about her limitations not fully credible. At step four, the ALJ concluded plaintiff was able to perform her past relevant work as a transcriber and customer service clerk. Thus, the ALJ concluded that plaintiff was not disabled under the terms of the Social Security Act.

B.  Analysis

Plaintiff objects to the M&R's analysis of plaintiff's claim that the ALJ erred by failing to conduct a function-by-function analysis.[1] An ALJ's residual functional capacity assessment must

---

[1] The magistrate judge addressed additional arguments raised by plaintiff concerning the ALJ's credibility analysis, to which plaintiff has not articulated specific objections. Upon careful review of the M&R and the record generally, the court finds no clear error in the magistrate judge's treatment of this issue.

"identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions listed in the regulations." Mascio, 780 F.3d at 636 (quotations omitted). The Fourth Circuit has "rejected a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis." Id. However, "remand may be appropriate where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." Id. (quotations omitted).

Remand is not required in this instance because the ALJ discussed in his decision the functional limitations alleged by plaintiff. In addition, although the ALJ did not perform an "explicit function-by-function analysis," id., the ALJ's discussion is sufficiently detailed to enable meaningful review. Likewise, the ALJ discusses conflicting evidence in the record as to plaintiff's RFC, allowing for the court to discern an "accurate and logical bridge from the evidence to [the ALJ's] conclusion." Monroe, 826 F.3d at 189.

For example, plaintiff alleges that she has blurry vision that prevents her from looking at a computer screen and impacts her ability to perform daily activities. The ALJ recognized plaintiff's testimony in this regard, but discussed medical evidence showing no limitations due to visual impairment. In particular, "vision exams showed essentially normal vision bilaterally," (Tr. 27), and "medical records establish the claimant's vision is not significantly limited, and they show the claimant has generally responded well to treatment," (Tr. 28). (See, e.g., Tr. 286, 376).

Plaintiff also alleges that she has leg pain and difficulty moving around due to sarcoidosis. The ALJ again noted plaintiff's testimony as to leg pain and movement, but discussed medical evidence bearing on limitations in walking and movement. In particular, the ALJ noted that plaintiff

5

"has been diagnosed with sarcoidosis since 1999 and . . . she has been consistently treated with steroids since that time," with exams showing "no edema and full strength in all her extremities," "full range of motion," (Tr. 26-27), with one medical examiner remarking that plaintiff was "able to sit, stand, walk without difficulty and . . . able to move around without any vision problem during exam" (Tr. 27). (See, e.g., Tr. 250, 321, 332).

Although contradictory evidence is in the record, the ALJ discussed such contradictory evidence in his decision. For example, consulting examiner, Dr. Morris, opined that claimant could walk only four hours per day, in addition to other functional limitations expressed in the ALJ's RFC determination. The ALJ explained that he gave limited weight to this opinion, noting "While the lifting, carrying and postural restrictions are consistent with the bulk of the record, including the claimant's statements, there is little to no evidence showing the claimant could only walk 4 hours per day with frequent breaks." (Tr. 27). In addition, he noted "there is little to no evidence of her walking with a slow gait elsewhere in the record." (Id.). As such, the ALJ properly explained the weight given to conflicting evidence in the record.

Finally, plaintiff alleges shortness of breath and coughing as a result of sarcoidosis. The ALJ noted plaintiff's testimony regarding her shortness of breath and coughing, but discussed medical evidence showing minor functional limitations due to these alleged impairments. In particular, the ALJ noted plaintiff's treatment with steroids, with exams showing "clear lungs," "without significant wheezing," (Tr. 26-27), with one specialist "initiat[ing] tapering of the steroid medication, as pulmonary function testing showed normal findings," (id.). (See, e.g., Tr. 250, 350). The ALJ discussed additional evidence regarding plaintiff's cough, including persistence of her cough, but the ALJ noted that "she did not require any aggressive treatment," "exam findings were

unremarkable," and in one instance coughing was exacerbated by painting activity. (Tr. 27-28; see Tr. 354-355, 359-360). In light of the medical evidence, the ALJ gave great weight to the opinions of state agency disability consultants, who found some limitations in functions such as climbing and other postural activities, which opinions were consistent with other consultative examiners, Dr. Morris and Dr. Ahmend. (Tr. 27-28). Thus, the ALJ sufficiently explained his determination of functional limitations due to plaintiff's coughing and shortness of breath.

In sum, remand is not required for an explicit function-by-function analysis in this case, where the ALJ explained contradictory evidence in the record, and where there are not other inadequacies in the ALJ's analysis that frustrate meaningful review. See Mascio, 780 F.3d at 636.

## CONCLUSION

Based on the foregoing, the court ADOPTS the recommendation in the M&R. Plaintiff's motion for judgment on the pleadings (DE 17) is DENIED, and defendant's motion for judgment on the pleadings (DE 19) is GRANTED. The clerk of court is DIRECTED to close this case.

SO ORDERED this 29th day of March, 2017.

LOUISE W. FLANAGAN
United States District Judge